﻿Citation Nr: AXXXXXXXX
Decision Date: 03/18/19 Archive Date: 03/18/19

DOCKET NO. 180912-1704
DATE: March 18, 2019

ORDER

Entitlement to total disability rating due to individual unemployability based on service-connected disabilities (TDIU) is granted.

Evaluation of post-traumatic stress disorder (PTSD) in excess of 70 percent is denied.

FINDINGS OF FACT

1. The Veteran’s service-connected PTSD symptoms cause him to be unable to obtain and maintain substantially gainful employment. 

2. The severity, frequency, and duration of the Veteran’s PTSD symptoms do not more closely approximate total occupational and social impairment.

CONCLUSIONS OF LAW

1. The criteria for an award of TDIU have been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 3.102, 3.340, 3.341, 4.16.

2. The criteria for an initial disability rating in excess of 70 percent for PTSD have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran elected to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from November 1968 to June 1971, including combat service while serving in the Republic of Vietnam from June 1969 to June 1971 and his decorations include the Combat Infantryman Badge. 

The rating decision initially on appeal was issued in September 2017. In June 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. In August 2018, the Agency of Original Jurisdiction (AOJ) issued a RAMP rating decision considering the evidence of record as of the date the RAMP election form was received by VA. The Veteran timely appealed the August 2018 RAMP rating decision to the Board and requested direct review of the evidence considered by the AOJ. 

1. Entitlement to a TDIU is granted.

The Veteran seeks entitlement to a TDIU, asserting that he is unable to secure or maintain substantially gainful employment as a result of his service-connected PTSD. See November 2016 VA Form 21-8940 Veterans Application for Increased Compensation Based on Unemployability (Form 8940).

It is the established policy of the VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. A total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Entitlement to a TDIU is based on an individual’s particular circumstances. 38 C.F.R. § 4.16; Todd v. McDonald, 27 Vet. App. 79, 85-86 (2014). Thus, in adjudicating a TDIU claim, VA must take into account the individual veteran’s education, training, and work history, but not his or her age or the impairment caused by nonservice-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19; see also Todd, 27 Vet. App. at 85-86.

A TDIU may be assigned where the schedular rating is less than total, when it is found that the disabled person is unable to secure or follow a substantially gainful occupation as a result of a single service-connected disability ratable at 60 percent or more, or as a result of two or more service-connected disabilities, provided that one of those disabilities is ratable at 40 percent or more, and there is sufficient additional service-connected disabilities to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). The Veteran meets the schedular criteria for the assignment of a TDIU as he is currently in receipt of a 70 percent rating for PTSD. See 38 C.F.R. § 4.25.

The Veteran has a high school diploma and two years of college with no degree of certificate. See January 2012 VA Vocational Counseling Record; November 2016 Form 8940. His past work experience includes self-employment as a roofing contractor, 20 years as a Correctional Officer, and approximately 17 years as a part-time real estate agent/broker. See id. The Veteran reports that he retired after working as a Correctional Officer for approximately 20 years and working part-time as a real estate broker because he began to have noticeable problems handling tasks and found the changing rules and law of the real estate market to be overwhelming. See February 2009 VA Vocational Rehabilitation Initial Evaluation Report. He also reported significant aggravation of PTSD symptoms due to the chaotic work environment as a Correctional Officer. See. January 2012 VA Vocational Counseling Record. He reports that he worked “odd jobs” between 2006 and 2016, and that he last worked in 2016 as a ranch hand. See November 2016 Form 8940. He was let go from that job when his “judgment became impaired” and he “damaged a piece of equipment.” See id. 

During the relevant appeal period, the Veteran’s PTSD symptoms have included depressed mood, anxiety, chronic sleep impairment, mild memory loss, impaired judgment, disturbances in motivation and mood, difficulty in establishing and maintaining effective work and social relationships, difficulty in adapting to stressful circumstances including at work or in a work-like setting, and intermittent inability to perform activities of daily living, including the maintenance of minimal personal hygiene. See May 2017 VA Examination Report. 

Given the Veteran’s current PTSD symptoms, and considering his past work history and education, the Board finds that entitlement to a TDIU is warranted. The Veteran’s impaired judgment, mild memory loss, difficulty adapting to stressful circumstances and intermittent inability to perform activities of daily living affect his ability to complete occupational tasks, as shown by the fact that he was let go from a job when his impaired judgment caused him to damage a piece of equipment. Additionally, the difficulty he has in establishing relationships with others causes him to be unable to work with others. He reported that several of these factors caused him to retire in the past and have prevented him from maintaining gainful employment during the appeal period or immediately preceding it. 

Moreover, the Veteran submitted an opinion from a vocational expert in May 2018 that supports the conclusion that he is unable to maintain substantially gainful employment. In her opinion, the vocational expert noted several basic requirements for maintaining substantially gainful employment, including: the need to sustain focus and attention for at least 2 hours at a time throughout the workday, attending to tasks without distraction or interruption, completing work without supervision or redirection, working without taking unscheduled breaks or engaging in outbursts or arguments. The expert opined that the Veteran’s PTSD symptoms would cause him difficulty with all of these basic requirements given his history of poor interactions with supervisors, difficulty interacting with others and inability to stay on task. The Board finds the vocational expert’s opinion highly probative as it contains clear conclusions with supporting data and a reasoned medical explanation connecting the two. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008). The Board notes that an August 2017 VA examiner opined that the Veteran’s symptoms resulted in functional impairments that would only minimally impact his occupational and employment activities; however, this opinion appears to be based on inaccurate facts as the examiner found that the Veteran was capable of managing activities of daily living without difficulty, but the VA examiner who examined the Veteran in May 2017 noted that his symptoms included an intermittent inability to perform activities of daily living, including maintenance of minimal personal hygiene. 

In short, the probative evidence of record shows that it is at least as likely as not that the Veteran is unable to obtain or maintain substantially gainful employment due to his service-connected PTSD. Thus, entitlement to a TDIU is warranted.

2. Evaluation of PTSD in excess of 70 percent is denied. 

The Board further finds that a rating of 100 percent for the Veteran’s psychiatric disability is not warranted at any point during the appeal period because the Veteran’s psychiatric symptomatology and functional impairment have not more nearly approximated total occupational and social impairment. The severity, frequency, and duration of the Veteran’s symptoms more closely approximate the symptoms contemplated by a 70 percent rating, which are less severe, less frequent, and shorter in duration than those contemplated by a 100 percent rating. At no point during the appeal period has it been noted that the Veteran exhibited suicidal ideation, homicidal ideation, inappropriate thinking or judgment, periods of violence, spatial disorientation, or persistent delusions or hallucinations. Additionally, there has been no indication that the Veteran has been a danger to himself or others or been disoriented to time or place. 

Significantly, even though the Veteran’s PTSD symptoms preclude him from obtaining or maintaining substantially gainful employment, the evidence does not show that he has suffered total social impairment as he has been able to attend group therapy, maintains relationships with his children and has at least one friend. See May 2017 VA Examination Report. In sum, although the Veteran’s psychiatric symptoms have been severe and have resulted in occupational and social impairment in most areas, his symptoms and functional impairment have not been sufficiently severe to approximate total occupational and social impairment during the appeal period. Thus, a 100 percent rating is not warranted. 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Tracie N. Wesner, Counsel